PER CURIAM:
Claimant brought this action for vehicle damage which occurred when he *30 was riding his 1999 California Motorcycle Company Wide Rider, and his motorcycle struck an uneven section of the roadway on State Route 7 near Kingwood, Preston County. State Route 7 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 12:30 p.m. on October 13, 2008. State Route 7 is a paved road with a yellow center line and white edge lines. At the time of the incident, claimant was leading a group of four motorcyclists from Morgantown, Monongalia County to Deep Creek, Maryland. Claimant was traveling up the mountain on State Route 7 when he noticed a section of gravel on the roadway. Although the claimant reduced his speed to between forty-five and fifty-five miles per hour, his motorcycle struck a ledge that was approximately four inches high. The claimant later learned that the road had been cut during the installation of a culvert across the road. Gravel was placed in the area to level out the roadway but, at the time of the claimant’s incident, the gravel had washed away creating an uneven surface. After the incident, the claimant realized that the signs placed by respondent to warn travelers of this hazard had blown over the hill. Claimant’s motorcycle sustained damage to its front tire and rim in the amount of $897.75, and claimant’s insurance deductible was $1,000.00.
James Burks testified that he was the second motorcyclist in the group and was traveling between fifty to seventy-five feet behind the claimant. Mr. Burks stated that he could not see the cut in the road until he was approximately 100 to 150 feet away from this area. He testified that the cut extended across the entire length of the roadway. Although he slowed down, he also struck the uneven section of roadway with his motorcycle. Mr. Burks stated that he and the claimant were able to warn the other motorcyclists in time so they did not sustain damage to their motorcycles.
The position of the respondent is that it did not have actual or constructive notice of the condition on State Route 7. Lany Weaver, Highway Administrator for respondent in Preston County, testified that he is familiar with the area where this incident occurred and stated that State Route 7 is a first priority route in terms of its maintenance. He testified that around October 3, 2008, respondent had replaced a culvert pipe at this location. Gravel was placed in the area where the cut was made. Respondent had to wait before paving over this area because rain and traffic could cause the surface to settle, creating an indentation in the surface. Respondent’s crews placed two “Road Work” signs 528 feet ahead of this area on the eastbound and westbound lanes. Mr. Weaver testified that he traveled through this location on the Friday before the Columbus Day weekend and stated that the signs were in place and there were no problems with the gravel. Respondent did not realize that there was a problem in this area until Tuesday, October 14, 2008, which was after the holiday weekend.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safely of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S .E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the uneven section of roadway on State Route 7. Since respondent’s warning sign was down at the time of the incident, the Court finds that motorists were not warned of the hazard in this high traffic area. Thus, the Court *31 finds respondent negligent and claimant may make a recovery for the damage to his vehicle. In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $897.75.
Award of $897.75.